## No. 10,819.

### GINSBERG *v.* EVERETT, ET AL.

Decided February 4, 1924.

Action for rent, and damages for violation of the terms of a lease.   Judgment for plaintiffs.

### *Reversed.*

1.   TRIAL—*Directed Verdict—Test.*   A verdict should not be directed where, on an issue of fact, reasonable men might differ as to the conclusion to be reached from the evidence.

2.   LANDLORD AND TENANT—*Release of Tenant—Jury Question.* Whether a lessee was released by the acceptance of a new tenant by the lessor, in the case under consideration, held a question for the jury.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. I. L. QUIAT, Mr. HENRY E. MAY, for plaintiff in error.

Mr. C. H. PIERCE, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

DEFENDANTS in error, plaintiffs below, had judgment against Ginsberg, plaintiff in error, on a directed verdict in an action upon two causes; First, for rent on a lease; second, for violation of a covenant to keep the premises and surrender same in good order.

There were four defenses: (1) Denial of breaches. (2) Termination of the lease by mutual agreement. (3) That defendant was acting as agent for a corporation to be formed; that the Salvage Company was formed and accepted by the plaintiffs as tenant. (4) That plaintiffs agreed to cancel the lease if another satisfactory tenant should be secured, and that the National Store Fixture Company was so secured and accepted by plaintiffs.

The court directed a verdict on both counts. Whether the court was right in this depends, in this case, on whether the evidence was such that a verdict for defendant should have been set aside, i. e., might reasonable men differ as to whether, under the evidence, Ginsberg was released?

As to the first, second and third defenses we think the court was justified in directing a verdict. As to the fourth defense, however, we think there was evidence which ought to have gone to the jury. There is testimony that the National Store Fixture Company had a definite oral agreement with Evans, agent of the plaintiffs, for a lease for fifteen years and that by Evans' direction the company entered accordingly and paid one month's rent. That it entered and paid the rent is undisputed. This, by itself, is strong evidence of the acceptance by Evans of the new

tenant, and the consequent release of Ginsberg, the defendant, and although the great weight of the evidence is against this proposition, yet we cannot say that reasonable men might not conclude that Ginsberg was released. We think therefore that the case should have gone to the jury on this point.

The judgment is reversed and the cause remanded for a new trial on the question only whether Ginsberg was released by the acceptance of the National Store Fixture Company as a tenant.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.